17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William S. LUND, Plaintiff-Appellee,
v.
Donald H. ALBRECHT, Defendant
and
Greines, Martin, Stein & Richland; Robert A. Olson; Irving
H. Greines, Appellants.
 No. 92-55977.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1994.*
Decided Feb. 17, 1994.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV-86-0763-RSWL; Ronald S.W. Lew, District Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before: BROWNING, FERGUSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from the district court's order sanctioning Robert Olson, attorney for the appellants, for failure to appear at a status conference. Olson contends that the court lacked jurisdiction to sanction conduct that occurred after a satisfaction of judgment was filed in the case. He also argues that he could not be sanctioned without a finding of gross negligence, reckless disregard of a court order or bad faith.
 
 
 3
 The district court had jurisdiction to impose sanctions on Olson. Because the satisfaction of judgment was not filed until June 4, 1992, it is clear that on June 3, 1992, the district court had jurisdiction to set a status conference. Furthermore, in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990), the Supreme Court held that the district court had jurisdiction to grant sanctions under Rule 11 even after the complaint was voluntarily dismissed. The court noted that motions for costs and attorneys' fees are independent proceedings that are supplemental to the original proceeding. 496 U.S. at 395. Furthermore, it is "well established that a federal court may consider collateral issues after an action is no longer pending." Id.
 
 
 4
 We reverse the district court's order, however, because there was no finding of bad faith or willfulness. See Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir.1989) (court must make finding of bad faith to impose sanctions pursuant to it inherent authority or local rules).
 
 
 5
 REVERSED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3